NOT DESIGNATED FOR PUBLICATION

No. 122,534

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY J. OTANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed December 23, 2020. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Anthony J. Otano appeals the district court's decision revoking his probation and ordering him to serve a modified sentence. We granted Otano's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State asks us to affirm the district court's judgment.

On September 18, 2017, Otano pled guilty to one count of possession of cocaine, a felony, and one count of possession of marijuana, a class A misdemeanor. On January 30, 2018, the district court sentenced Otano to 17 months' imprisonment on the felony and a consecutive term of 12 months in jail on the misdemeanor, but the district court granted probation for 12 months to be supervised by court services.

1

Otano performed poorly on probation. He violated the conditions of his probation at least four separate times and received both jail sanctions and one intermediate prison sanction. His probation term was also extended a couple of times. At a hearing on January 7, 2020, Otano admitted to violating the conditions of his probation by submitting a diluted urine sample, failing to refrain from the use of cocaine, and failing to report to his supervisor as directed. The district court revoked Otano's probation and ordered him to serve his sentence, but the district court modified the misdemeanor sentence from 12 months to 6 months in jail. Otano timely appealed.

On appeal, Otano claims the district court "abused its discretion by imposing a modified underlying sentence in Mr. Otano's case upon finding he'd violated probation because no reasonable person would have agreed with its decision." Otano argues that the district court should have terminated his probation because of how long he already had served. Alternatively, he argues that the district court should have run his misdemeanor sentence concurrent with the felony sentence because his crimes were nonviolent.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Otano violated his probation at least four separate times. Still, the district court showed leniency by modifying the misdemeanor sentence from 12 months to 6 months in jail. The journal entry for the final probation revocation hearing shows that Otano had accumulated 272 days of jail credit. The district court ordered that the first 180 days of

2

jail credit be applied toward Otano's sentence on the misdemeanor charge, meaning that Otano had completely served the sentence on the misdemeanor charge. This order left Otano with 92 days of credit to be applied toward his 17-month prison sentence. Although Otano would have preferred that the district court simply terminate his probation and release him on time served, we cannot say that no reasonable person would have agreed with the district court's decision to order Otano to serve the rest of his sentence. Otano has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified sentence.

Affirmed.